UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN in his official capacity as President of the United States, et al.<br><br>Defendants. | Case No. 1:21-cv-163-RSB-BKE |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION TO EXPEDITE BRIEFING**

Defendants hereby oppose Plaintiffs' motion to expedite briefing in this case. ECF 23. Plaintiffs' proposed, expedited schedule unnecessarily truncates Defendants' time to respond to Plaintiffs' motion for a preliminary injunction. As Plaintiffs themselves note, exceptional care and space is needed to address the "significant issues raised by Plaintiffs and the complicated statutory, regulatory, and constitutional issues encompassed by Plaintiffs' [11] claims," Pls.' Mot. to Exceed Page Limitation, ECF No. 7. Moreover, the federal government has recently taken action that may moot or, at minimum, materially alter the scope of, Plaintiffs' claims. Therefore, the appropriate next step is for Plaintiffs to review their claims and determine whether they intend to proceed with this lawsuit. To the extent Plaintiffs still wish to proceed, any claims they may bring should address the federal government's updated policy. There is certainly no reason to rush preliminary injunction briefing on the federal government's prior policy that has now in the process of being superseded.

Plaintiffs' claims concern the federal government's requirement that certain federal contractor employees receive COVID-19 vaccines and adhere to other public safety protocols.

These requirements are intended to slow the spread of COVID-19 and to prevent disruptions in the provision of government services by federal contractors. Executive Order 14042 directs federal executive departments and agencies, "to the extent permitted by law," to include in qualifying contracts a clause requiring compliance with workplace safety guidance issued by the Safer Federal Workforce Task Force (Task Force). 86 Fed. Reg. at 50,985; *see also id*. at 50,986–50,987 (listing the categories of contracts to which the EO applies). The Executive Order delegates to the Director of the Office of Management and Budget (OMB) the President's statutory authority to determine whether the Task Force's guidance "will promote economy and efficiency in Federal contracting if adhered to by Government contractors and subcontractors." *Id*. at 50,985-50,986 (citing 3 U.S.C. § 301). On September 24, 2021, the Director of OMB determined that the Task Force Guidance will promote economy and efficiency in federal contracting. *See* 86 Fed. Reg. 53,691–53,692. Plaintiffs' motion for a preliminary injunction challenges this determination.

Earlier today, OMB submitted a notice for publication in the Federal Register entitled "Determination of the Acting OMB Director Regarding the Revised Safer Federal Workforce Task Force Guidance and the Revised Economy & Efficiency Analysis Pursuant to Executive Order No. 14042." A copy of the Determination that OMB sent to the Federal Register is attached as Exhibit 1.[1] OMB's new determination both incorporates revised Task Force Guidance and includes additional analysis to elaborate on the substance of the OMB Director's determination. OMB has asked the Federal Register to accept the filing immediately (*i.e.*, today),

[1] The process of accepting OMB's updated Determination for publication in the Federal Register may result in ministerial, non-substantive changes to the version of the attached Determination. Defendants will notify the Court once the final version of the Determination is published in the Federal Register.

although it remains unclear as of the time of this filing whether that will occur. OMB's determination will be legally effective when the Federal Register accepts the filing, which the Government expects could be anytime between this afternoon and Monday, November 15.

The Revised Guidance formally extends the deadline for covered Federal contractor and subcontractors to be fully vaccinated from December 8, 2021 to January 18, 2022. This new deadline aligns with the vaccination deadline in the Department of Labor's Occupational Safety and Health Administration Emergency Temporary Standard and the Centers for Medicare and Medicaid's rule. In other words, to comply with this deadline, a covered employee of a federal contractor would need to receive a single-shot of the Johnson & Johnson vaccine, or a second shot of the Pfizer or Moderna vaccines, by January 4, 2022, and would be fully vaccinated two weeks afterwards. While Plaintiffs claim that the court must rule by December 7, 2021 "to prevent Plaintiffs from suffering irreparable harm," Pls.' Mot. to Expedite Briefing at 2, they fail to explain why any irreparable harm would accrue by that date, since employees can begin their vaccinations as late as January 4, 2022, if they so choose.

The revised Determination makes several changes material to this litigation. For example, the revised Determination explains that, although not subject to the procedural requirements in 41 U.S.C. § 1707, it nevertheless complies with those requirements. The new Determination also provides additional economy-and-efficiency analysis underlying the OMB Director's determination. When the OMB Director's new Determination becomes legally effective, it rescinds and supersedes the prior Determination and may therefore moot or narrow the scope of several claims brought by Plaintiffs.

OMB's transmittal of a new determination on the Task Force Guidance, the weighty statutory and constitutional issues at play, and the recent six-week extension of time for covered

contractor employees to be fully vaccinated all counsel in favor of denying Plaintiffs' motion to expedite briefing. Instead, Plaintiffs should await the publication of OMB's new Determination and decide whether and to what extent they wish to proceed with any revised claims.

Dated: November 10, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRAD P. ROSENBERG
Assistant Branch Director
Civil Division

/s/ *Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
LEE REEVES
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0845
Fax: (202) 616-8470
E-mail: vinita.b.andrapalliyal@usdoj.gov

*/s/ Matthew A. Josephson*
Matthew A. Josephson
Assistant United States Attorney
Georgia Bar. No. 367216
Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422
Email: Matthew.Josephson@usdoj.gov

*Attorneys for Defendants*