UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA, et al. )<br>)<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>JOSEPH R. BIDEN in his official )<br>capacity as President of the United )<br>States, et al. )<br>)<br>      Defendants. )<br>) | Case No. 1:21-cv-163-RSB-BKE |

**DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE**

This case raises legal issues pertaining to the issuance and implementation of Executive Order 14042, which requires, for certain categories of federal government contracts, that agencies include a clause imposing COVID-19 safety protocols—including vaccination requirements—in "any new contract," "new solicitation for a contract," "extension or renewal of an existing contract," and "exercise of an option on an existing contract." Executive Order No. 14042, 86 Fed. Reg. 50,985 (Sept. 14, 2021) ("EO 14042"). A trade association, Associated Builders and Contractors, Inc. and its Georgia chapter (collectively "ABC"), has moved to intervene as a plaintiff. *See* Notice of Mot. to Intervene, ECF No. 48. It claims that intervention as of right is warranted because, among other things, it seeks to protect the "economic interests" of its members that bid on the types of contracts that are now subject to EO 14042. *See* Memo. of Law in Supp. of Mot. to Intervene by Associated Builders & Contractors, Inc. & Associated Builders & Contractors of Georgia, Inc., at 16, ECF No. 49 ("Mot."). It alternatively seeks permissive intervention. *Id*. at 18–19. ABC has failed, however, to satisfy the prerequisites under Federal

1

Rules of Civil Procedure 24 for establishing either that it is entitled to intervene as of right or that it should be permitted to intervene. Its motion should therefore be denied.

## BACKGROUND

On September 9, 2021, the President issued EO 14042 to "promote[] economy and efficiency in Federal procurement by ensuring that the parties that contract with the Federal Government provide adequate COVID-19 safeguards to their workers performing on or in connection with a Federal Government contract or contract-like instrument." *See* EO 14042 § 1. EO 14042 directs federal executive departments and agencies, "to the extent permitted by law," to include in certain contracts a clause requiring compliance with workplace safety guidance issued by the Safer Federal Workforce Task Force ("Task Force") and approved by the Director of the Office of Management and Budget ("OMB") upon a finding that the guidance, "if adhered to by contractors or subcontractors, will promote economy and efficiency in Federal contracting." *See* EO 14042 § 2.

The Task Force initially issued safety guidance on September 24, 2021. *See* Task Force, COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors, https://perma.cc/6DRV-LV2Q. That guidance (which the OMB Director approved) required that covered contractor and subcontractor employees receive a COVID-19 vaccination, except insofar as any such employee is legally entitled to an accommodation. *See id.* at 1; *see also* Determination of the Promotion of Economy and Efficiency in Federal Contracting Pursuant to Executive Order No. 14042, 86 Fed. Reg. 53,691, 53,691–92 (Sept. 28, 2021), https://perma.cc/CL8P-YV5B.

The EO also directs the Federal Acquisition Regulatory Council ("FAR Council") to make corresponding amendments to the Federal Acquisition Regulation and, in the interim, to issue guidance on how to use existing agency authority to include a COIVD-19 safety clause in covered

contracts. *See* EO 14042 § 3. The FAR Council issued initial guidance on September 30, 2021, which provided a sample clause that agencies could use to implement the EO. *See* Memorandum from FAR Council to Chief Acquisition Officers, et al., re: Issuance of Agency Deviations to Implement Executive Order 14042 (Sept. 30, 2021), https://perma.cc/9BQ8-XBT6.

On November 10, 2021, the Task Force issued updated guidance that, among other things, extended from December 8 to January 18 the date by which employees of covered contractors must be fully vaccinated. *See* Determination of the Acting OMB Director Regarding the Revised Safer Federal Workforce Task Force Guidance for Federal Contractors and the Revised Economy & Efficiency Analysis, 86 Fed. Reg. 63,418, 63,418 (Nov. 16, 2021), http://federalregister.gov/d/2021-24949 ("OMB Determination"). The Acting OMB Director then issued a new determination that compliance by federal contractors and subcontractors with the revised Task Force guidance "will promote economy and efficiency in Federal contracting." *Id*. The OMB Determination also revoked the prior determination, gave covered contractors additional time to comply with EO 14042's vaccination requirements (consistent with the new timeline of the November 10 Task Force guidance), and provided a more detailed analysis supporting its economy-and-efficiency determination. *See generally id*. Thus, the OMB Determination provides that, as of January 18, 2022, covered contractor employees must be vaccinated on the first day of performance under a covered contract (unless a religious or medical exemption applies). *Id*. at 63,420.

Plaintiffs filed this lawsuit on October 29, 2021, *see* Compl., ECF No. 1, and moved for a preliminary injunction on November 5, 2021, *see* Pls.' Mot. for Prelim. Inj. & Brief in Supp., ECF No. 19. Plaintiffs' amended complaint contains eleven claims challenging EO 14042, the OMB Determination, and the FAR Council's interim guidance. *See* First Am. Compl. for Declaratory &

Prelim. & Permanent Inj. Relief, ¶¶ 191–288, ECF No. 54 ("Pls.' Am. Compl."). On November 18, 2021, ABC filed a motion to intervene and a complaint asserting largely the same claims and requesting virtually identical relief as Plaintiffs. *See* Pl.-Intervenors' Compl. for Declaratory & Prelim. & Permanent Inj. Relief, ECF No. 48-1 ("ABC Proposed Compl.").

## ARGUMENT

### I. ABC is not entitled to intervene as of right.

Federal Rule of Civil Procedure 24(a)(2) allows a party to intervene as of right only if:

> (1) their application to intervene is timely; (2) they have an interest relating to the property or transaction which is the subject of the action; (3) they are so situated that disposition of the action, as a practical matter, may impede or impair their ability to protect that interest; and (4) their interest is represented inadequately by the existing parties to the suit.

*Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695–96 (11th Cir. 2017) (alterations adopted and citation omitted). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989); *accord Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007); *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 291 (11th Cir. 2020) (unpublished) ("Putative intervenors . . . bear the burden of proof to establish all four bases for intervention as a matter of right."). Additionally, a proposed intervenor of right "must have standing to pursue its claims." *See Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324, 1330 (11th Cir. 2007)

The Court should deny ABC's motion to intervene as of right for three reasons.

***First***, ABC has not established standing to bring its claims. *See id.* ("Any party, whether original or intervening, that seeks relief from a federal court must have standing to pursue its claims."). "For all relief sought, there must be a litigant with standing, whether that litigant joins

4

the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right." *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1290 (11th Cir. 2017) (quoting *Town of Chester v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1651 (2017)). A proposed intervenor may establish standing in the Eleventh Circuit in one of two ways: independently or by "piggybacking" on the standing of an original party. *See Dillard*, 495 F.3d at 1330.

ABC claims to possess "organizational" standing to bring claims on behalf of its members. *See* ABC Proposed Compl. ¶ 24. "An organization has standing to bring an action on its members' behalf" only if, among other things, "its members would otherwise have standing to sue in their own right." *Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*, 781 F.3d 1271, 1279 (11th Cir. 2015) (internal quotation marks and citation omitted). To meet this requirement, ABC must demonstrate that at least one of its members satisfies each of the three basic elements of standing—(i) that the member has "suffered an injury in fact" that is both "concrete and particularized" and "actual or imminent"; (ii) that there is "a causal connection between the injury and the conduct complained of"; and (iii) that it is "likely, rather than merely speculative, that a favorable decision by the court will actually remedy" the member's injury. *ACLU of Fla., Inc. v. Dixie Cnty.*, 690 F.3d 1244, 1248 (11th Cir. 2012) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

ABC fails, however, to allege—let alone demonstrate—that any member has been injured by EO 14042 or its implementing guidance. *See Ga. Republican Party v. Sec. & Exch. Comm'n*, 888 F.3d 1198, 1203 (11th Cir. 2018) ("[An] organization must 'make specific allegations establishing that at least one identified member has suffered or will suffer harm.'" (alterations adopted) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009))). ABC's complaint alleges vaguely that its members "would otherwise have standing to sue in their own right as they

are directly and irreparably injured in their ability to be awarded and perform federal contracts by the challenged mandate." ABC Proposed Compl. ¶ 24. But ABC does not show or otherwise allege that any member is (or will soon be) a party to a covered contract—*i.e.*, a contract including a COVID-19 safety clause—or is seeking to bid on such a contract. There is thus no indication that ABC's members have been injured by the challenged actions, or that such an injury is imminent. Accordingly, ABC has failed to independently establish standing.

Nor can ABC "'piggyback' upon the standing of [an] original part[y] to satisfy the standing requirement." *Dillard*, 495 F.3d at 1330. It is black letter law that "[i]ntervention cannot create jurisdiction if none existed before." *Nat'l Ass'n of State Util. Consumer Advocs. v. FCC*, 457 F.3d 1238, 1250 (11th Cir. 2006) (alteration adopted) (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1917, at 457–58 (2d ed.1986)). "'[P]iggyback' standing [thus] requires the existence of a justiciable case or controversy at the point at which intervention is sought." *Dillard*, 495 F.3d at 1330. As explained in Defendants' joint opposition to Plaintiffs' and ABC's motions for a preliminary injunction, Plaintiffs—like ABC—do not identify a covered contract to which they are (or will soon be) a party and have thus failed to establish standing. Because there is no existing "justiciable case or controversy" before this Court, ABC has failed to show "standing under either of the avenues available to" it and is thus not entitled to intervene as of right. *See id.*

**Second**, ABC does not have a "direct, substantial and legally protectable" "interest in the subject matter of th[is] litigation," as required under Rule 24(a)(2). *See Mt. Hawley Ins. Co. v. Sandy Lak Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (quoting *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002)). ABC claims it has a sufficient interest to intervene as of right because the challenged actions will affect its members' "economic status"

and "[a] negative decision would adversely affect [their] economic interests." Mot. at 14–16. But the Eleventh Circuit requires a proposed intervenor to show "something more than an economic interest" to establish a "legally protectable interest" under Rule 24(a)(2). *Mt. Hawley*, 425 F.3d at 1311 (quoting *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991)). "What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant"—*i.e.*, "an interest that derives from a legal right." *Id.* (citation omitted).

ABC's stated interest in the subject matter of this action is purely economic. *See, e.g.*, Mot. at 14–16. It points to "*no* property or other legal right" of its members that is affected by the challenged actions. *See S. Fla. Water Mgmt. Dist.*, 922 F.2d at 710. ABC merely repeats the unsubstantiated assertion throughout its motion and complaint that its members "face a risk of breach and material noncompliance" with their federal contracts because they will either have to fire unvaccinated employees (thus risking unsatisfactory performance because of a reduced workforce) or by retaining unvaccinated employees (thus violating a COVID-19 safety clause). *See, e.g.*, Mot. at 15. But this alleged contractual interest "is purely speculative," because ABC has not identified a single member that is (or will soon be) a party to a covered contract and thus subject to a COVID-19 safety clause. *See Mt. Hawley Ins. Co.*, 425 F.3d at 1311; *accord Burke*, 833 F. App'x at 292 ("The interest must be direct, substantial, and legally protectable"; "[it] must be more than purely economic and cannot be speculative." (cleaned up)).

***Finally***, even if ABC had an interest in this litigation, that interest would be adequately represented by Plaintiffs. In assessing the adequacy of representation under Rule 24(a)(2), the Eleventh Circuit "presume[s] adequate representation when an existing party seeks the same objectives as the would-be interveners." *Sierra Club*, 488 F.3d at 910 (quoting *Clark v. Putnam*

*Cnty.*, 168 F.3d 458, 461 (11th Cir.1999)). This presumption can be overcome only if the proposed intervenor "com[es] forward with some evidence to the contrary." *Id*. (citation omitted). If that burden is met, a court will resort to "the general rule that adequate representation exists [1] if no collusion is shown between the representative and an opposing party, [2] if the representative does not have or represent an interest adverse to the proposed intervenor, and [3] if the representative does not fail in fulfillment of his duty.'" *United States v. 324 Auto. Grilles*, Case No. CV418-195, 2019 WL 11544480, at *3 (S.D. Ga. Mar. 25, 2019) (quoting *Clark*, 168 F.3d at 461).

Here, ABC concedes that its interests in this matter "are aligned" with Plaintiffs. Mot. at 16; *see also id*. at 19 (suggesting that ABC "will assert the same claims" and "wish[es] to present" the same arguments as "the current plaintiffs"). In fact, according to ABC's own pleadings, there appears to be no discernable difference between its objectives and those that Plaintiffs seek to achieve in this case. ABC's complaint recites essentially verbatim the two specific forms of relief that Plaintiffs request from this Court:

> 2. Enter a declaratory judgment that Defendants, individually and collectively, have acted to impose a broad-sweeping, unlawful, and unconstitutional COVID-19 vaccine mandate, and that such COVID-19 vaccine mandate is unlawful and unenforceable.
>
> 3. Grant a temporary, preliminary, and permanent injunction prohibiting Defendants and those acting in concert with them from enforcing this broad-sweeping, unlawful, and unconstitutional mandate.

*Compare* ABC Proposed Compl., Prayer for Relief, *with* Pls.' Am. Compl., Prayer for Relief. Similarly, eleven of the twelve counts in ABC's complaint are virtually identical to the eleven counts contained in Plaintiffs' Amended Complaint.[1] *Compare* ABC Proposed Compl. ¶¶ 121–

---

[1] There is only one claim that ABC attempts to assert in this matter that is not already asserted by Plaintiffs—a perfunctory allegation that Defendants violated the Small Business Regulatory Enforcement Fairness Act, 5 U.S.C. § 604. But this statutory provision—which is

217, *with* Pls.' Am. Compl. ¶¶ 191–288; *see also Sierra Club*, 488 F.3d at 911 (finding adequate representation where there was "no claim or defense on behalf of" the proposed intervenor that was "not or [would] not be asserted by" an original party to the litigation (citation omitted)). And even assuming ABC may wish to one day "go about making these arguments in a different manner or otherwise believe[] [themselves] to be in a better position to make" these arguments, that alone "does not make [Plaintiffs'] representation inadequate."[2] *See United States v. 60 Auto. Grilles*, 799 F. App'x 693, 697 (11th Cir. 2020) (unpublished).

ABC offers no serious argument or evidence suggesting that its objectives in this case diverge materially from those of Plaintiffs. *See Sierra Club*, 488 F.3d at 910 (requiring a proposed intervenor to offer "some evidence" to rebut the presumption that its objectives align with an original party (citation omitted)). Instead, ABC simply asserts that Plaintiffs may not provide adequate representation because ABC's "interests are narrower and more focused." Mot. at 18. But even if such vague, conclusory allegations were sufficient to rebut the presumption of adequate representation, the Court would simply apply "the general rule that adequate representation exists 'if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor, and if the representative

---

addressed in more detail in Defendants' joint opposition to Plaintiffs' and ABC's motions for a preliminary injunction—applies only to agency final rules issued under the APA. *See Nat'l Tel. Coop. Ass'n v. FCC*, 563 F.3d 536, 540 (D.C. Cir. 2009) ("The Regulatory Flexibility Act requires that agencies issuing rules under the Administrative Procedure Act publish a final regulatory flexibility analysis." (citing 5 U.S.C. § 604)). Because no such rule is at issue in this case, ABC's claim under 5 U.S.C. § 604 is meritless.

[2] Therefore, the fact that ABC moves for a preliminary injunction on its arbitrary-and-capricious claim while Plaintiffs do not "does not make [Plaintiffs'] representation inadequate," *See 60 Auto. Grilles*, 799 F. App'x at 697, because ABC and Plaintiffs are still "pursu[ing] the same *ultimate objective*" in challenging and seeking to enjoin EO 14042 and its implementing guidance, *see Fed. Sav. & Loan Ins. Co. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993) (emphasis added).

does not fail in fulfillment of his duty.'" *Clark*, 168 F.3d at 461 (citation omitted). Because there is no indication (i) of collusion between Plaintiffs and Defendants, (ii) that Plaintiffs have an interest inimical to ABC, or (iii) that Plaintiffs will not adequately litigate their claims, the Court should find that ABC's interests are adequately represented.

## II.   ABC has not demonstrated that permissive intervention is warranted.

ABC alternatively seeks permissive intervention under Rule 24(b). Upon timely motion, a court "may" permit intervention under Rule 24(b) where the proposed intervenor has a "claim or defense" that shares "a question of law or fact in common" with the main action, and where "the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Georgia*, 302 F.3d at 1250. But even where "there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention," as "it is wholly discretionary with the court whether to allow intervention under Rule 24(b)." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991) (quoting 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1913, at 376–77 (2d ed. 1986)).

The Court should deny ABC's request for permissive intervention for two reasons.

*First*, ABC's permissive intervention would not be "an appropriate device to cure" the fact that Plaintiffs have "stated causes of action that they have no standing to litigate." *See McClune v. Shamah*, 593 F.2d 482, 486 (3d Cir. 1979). Whether intervention is sought as of right or by permission, it "cannot create jurisdiction if none existed before." *Nat'l Ass'n of State Util. Consumer Advocs.*, 457 F.3d at 1250 (citation omitted). As explained in Defendants' joint opposition to Plaintiffs' and ABC's motions for a preliminary injunction, there is no justiciable cases or controversy between Plaintiffs and Defendants because Plaintiffs have failed to demonstrate standing. There is thus no jurisdictional basis to support ABC's intervention.

10

But even if Plaintiffs did have standing, ABC's "lack[] [of] Article III standing in its own right" would still be a "factor[] counsel[ing] against permissive intervention." *See West Virginia v. U.S. Dep't of Treasury*, --- F. Supp. 3d ----, No. 21-cv-00465, 2021 WL 5300944, at * 13 (N.D. Ala. Nov. 15, 2021). Rather than establish standing independently, ABC has sought to "piggyback" on Plaintiffs' alleged standing in order to intervene in this action. And while "'piggyback' standing" is permissible for an intervenor of right under Rule 24(a), *see Dillard*, 495 F.3d at 1330, if the Court were to find that Plaintiffs have standing, it should exercise its broad discretion under Rule 24(b) by denying ABC permissive intervention in an action it would have lacked standing to bring in its own right, *see West Virginia*, 2021 WL 5300944, at * 13. In these circumstances, it would be more appropriate for ABC to raise its generalized concerns by participating as an amicus curiae and present its views as a trade association in that manner.

**Second**, making ABC a party to this suit will simply create more duplicative briefing for the Court and the parties to address. As the Eleventh Circuit has found, "[t]he duplicative nature of the claims and interests . . . asserted" by a proposed intervenor can "threaten[] to unduly delay the adjudication of the rights of the parties in the lawsuit and makes it unlikely that any new light will be shed on the issues to be adjudicated." *Chiles v. Thornburgh*, 865 F.2d 1197, 1215 (11th Cir. 1989); *accord United States v. Territory of Virgin Islands*, 748 F.3d 514, 525 (3d Cir. 2014); *First Nat'l Bank of Tenn. v. Pinnacle Props. V, LLC*, No. 11-CV-2087, 2011 WL 13221046, at *4 (N.D. Ga. Nov. 1, 2011) ("Even if [the proposed intervenor] were to meet the requirements of permissive intervention, this Court would decline intervention. . . . Defendant asserts the same position that movant asserts, and [the proposed intervenors'] involvement in the litigation would be duplicative of the efforts already being expended."). As ABC admits, it seeks to "assert the same claims as those of" Plaintiffs, *see* Mot. at 19, and "the arguments that [it] wish[es] to

present"—"that the Contractor Mandate is not a lawful exercise of the federal government's powers"—are the same arguments pressed by "the current plaintiffs," *see id*.[3] ABC's involvement in this matter will thus result in the duplication of the Court's and the parties' efforts.

And although ABC claims that its "expertise" as a trade association "will benefit the Court and assist it in addressing the primary questions in this lawsuit," *see* Mot. at 19, this case involves primarily legal questions. The Court's resolution of those questions will not be assisted by ABC's expertise "representing the many diverse business interests of [its] members." *See id*.

## CONCLUSION

For the foregoing reasons, Associated Builders' motion to intervene should be denied.

Dated: November 26, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

DAVID ESTES
Acting United States Attorney

BRAD P. ROSENBERG
Assistant Branch Director
Civil Division

/s/ *Vinita B. Andrapalliyal*
JODY D. LOWENSTEIN
VINITA B. ANDRAPALLIYAL
LEE REEVES
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0845
Fax: (202) 616-8470
E-mail: vinita.b.andrapalliyal@usdoj.gov

---

[3] That is why adequacy of representation is also a relevant factor in determining whether permissive intervention is proper. *See, e.g., South Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003); *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir.1978).

/s/ *Matthew A. Josephson*
Matthew A. Josephson
Assistant United States Attorney
Georgia Bar. No. 367216
Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422
Email: Matthew.Josephson@usdoj.gov

*Attorneys for Defendants*