UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA, et al. | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:21-cv-163-RSB-BKE |
| JOSEPH R. BIDEN in his official capacity as President of the United States, et al. | ) |
| Defendants. | ) |

**DEFENDANTS' UNOPPOSED MOTION
TO STAY PROCEEDINGS PENDING APPEAL**

Defendants respectfully seek a stay of proceedings pending appeal of this Court's December 7, 2021 Order granting a preliminary injunction, ECF No. 94; *see also* Defs.' Notice of Appeal, ECF No. 96. Counsel for Defendants conferred with counsel for Plaintiffs and Intervenors before filing this motion. Plaintiffs do not oppose this motion and Intervenors agree to the motion.

On December 7, 2021, the Court granted Plaintiffs' and Intervenrs' motions for a preliminary injunction and enjoined the Federal Government "from enforcing the vaccine mandate for federal contractors and subcontractors in all covered contracts in in any state or territory of the United States of America." *Id.* at 27. Defendants appealed the Court's order on December 9, 2021. *See* ECF No. 96. Defendants are currently obligated to respond to Plaintiffs' Amended Complaint on or before December 31, 2021, and to Intervenors' Amended Complaint on or before February 7, 2021.

A stay of proceedings pending the final resolution of Defendants' appeal will promote judicial economy and preserve the resources of the parties and this Court. *See Landis v. North Am.*

1

*Co.*, 299 U.S. 248, 254–55 (1936) (A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *accord Claridy v. City of Lake City*, No. 3:13-cv-558, 2014 WL 11430972, at *1 (M.D. Fla. Nov. 25, 2014). Defendants' appeal implicates important legal issues that the parties and the Court will likely have to address in future proceedings, including questions pertaining this Court's jurisdiction and the scope of the President's authority under the Federal Property and Administrative Services Act. *See* Order at 12–16, 17–23. An appellate decision on those (and other) issues will thus likely provide the Court and the parties significant aid in the ultimate resolution of this case.[1] *Cf. RREEF Infrastructure (G.P.) Ltd. v. Kingdom of Spain*, No. 1:19-cv-03783 (CJN), 2021 WL 1226714, at *3 (D.D.C. Mar. 31, 2021) ("[L]itigating essentially the same issues in two separate forums is not in the interest of judicial economy," particularly when "it is clear that the outcome of the other proceedings may affect this Court's determinations." (alterations adopted and citations omitted)).

Further, Plaintiffs and Intervenors will not be prejudiced by the proposed stay because they will not be harmed by Executive Order 14,042 and the other executive actions they challenged so long as this Court's preliminary injunction remains in place. Finally, because Defendants request

---

[1] District courts routinely stay proceedings in similar circumstances to await guidance from appellate courts. *See, e.g.*, *Minn. Voters Alliance v. Walz*, 494 F. Supp. 3d 610, 611–12 (D. Minn. 2020) (staying proceedings pending appeal of preliminary injunction because, *inter alia*, "the appeal is likely to resolve some of the legal issues in dispute"); *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (staying proceedings pending appeal of preliminary injunction to await the Tenth Circuit's resolution of a legal issue that "would significantly advance the course of this litigation" and best serve "the time and effort of the parties and the court"); *Bray v. QFA Royalties, LLC*, No. 06-cv-02528, 2007 WL 2688858, at *1 (D. Colo. Sept. 12, 2007) (staying proceedings pending appeal of preliminary injunction because "the Tenth Circuit's determination of the legal issues inherent in my preliminary injunction decision will edify further proceedings on those same . . . claims for permanent injunctive relief").

a stay only for the duration of their appeal, their proposed stay is of a limited nature and will not cause undue delay in the resolution of this case.

Accordingly, Defendants request that this Court stay further district court proceedings in this matter until the parties have exhausted appellate proceedings.

Dated: December 17, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

DAVID ESTES
United States Attorney

BRAD P. ROSENBERG
Assistant Branch Director
Civil Division

/s/ *Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
LEE REEVES
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0845
Fax: (202) 616-8470
E-mail: vinita.b.andrapalliyal@usdoj.gov


/s/ *Bradford C. Patrick*
Bradford C. Patrick
Assistant United States Attorney
South Carolina Bar No. 102092
Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422
Email: bradford.patrick@usdoj.gov

*Attorneys for Defendants*

3