# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

THE STATE OF GEORGIA, et al.,

    Plaintiffs,

v.

JOSEPH R. BIDEN, in his official capacity as President of the United States, et al.,

    Defendants.

CIVIL ACTION NO.: 1:21-cv-163

## **O R D E R**

The Court held a telephonic hearing in this case on December 21, 2021. At that hearing, the Court sought clarification from the parties regarding Defendants' Emergency Motion for Stay Pending Appeal and For Immediate Administrative Stay, (doc. 97), and Defendants' Unopposed Motion to Stay Proceedings Pending Appeal, (doc. 102). The Court summarizes the hearing and rulings on those Motions below.

First, however, the Court takes the opportunity to emphasize a portion of its December 7, 2021 Order granting Plaintiffs' motions for a preliminary injunction, (doc. 94). As the Court stated in that Order, this case is not a dispute over the tragic toll COVID-19 has inflicted on this nation or the effectiveness of vaccines in stemming the spread of the virus and lessening the risk of severe illness and death. (See id. at p. 2.) Indeed, as of December 15, 2021, a total of 800,939 COVID-19 deaths have been reported in the United States.[1] As the American Medical Association stated in its *Amicus Curiae* brief, "widespread vaccination is essential to ending the COVID-19 pandemic and preventing thousands more needless deaths." (Doc. 86, p. 10.) Particularly given the emerging

---

[1] See COVID Data Tracker Weekly Review, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/covidview/index.html, last visited December 22, 2021.

variants of this virus, all evidence before the Court indicates that it is in the best interest of individuals' health and the public's health for those who do not have a legitimate religious or medical exemption to obtain full vaccination against SARS-CoV-2, the causative agent of COVID-19. However, this case is not about whether individuals should become vaccinated or even whether the government, at some level, may mandate that some individuals must become vaccinated. Rather, as explained in the Court's prior Order, this case ultimately hinges on the narrow legal question of whether the statute at issue in this case, the Federal Property and Administrative Services Act, 40 U.S.C. § 101 et seq. (also known as "the Procurement Act") authorizes the President to issue Executive Order 14042. (See doc. 94, pp. 17–23.) For the reasons stated in its prior Order, the Court has found that Plaintiffs will likely prevail in their claim that it does not. It is also worth noting that this Court is not the only court grappling with the executive branch's statutory authority to issue vaccine mandates. However, many of those cases have involved different mandates with different proffered statutory bases than the mandate and statute at issue in this case. See, e.g., In re MCP NO. 165, No. 21-4027 et al., 2021 WL 5989357, at *1 (6th Cir. Dec. 17, 2021); Florida v. Dep't of Health and Human Servs, No. 21-14098-JJ, 2021 WL 5768796, at *1 (11th Cir. Dec. 6, 2021). Those courts, like this Court, have undoubtedly sought to issue decisions on the questions before them based not on the result the courts desire but rather the result the law demands.

During the December 21, 2021 hearing, Defendants withdrew two of the requests contained in their Emergency Motion for Stay Pending Appeal and For Immediate Administrative Stay, (doc. 97). Specifically, they are no longer requesting that the Court stay its December 7, 2021 Order granting Plaintiffs' motions for a preliminary injunction, (doc. 94), pending the completion of their appeal to the United States Court of Appeals for the Eleventh Circuit. Additionally, Defendants withdrew their request that the Court narrow the scope of its preliminary injunction to only apply to their contracts with Plaintiffs (and not to those with non-parties). However, Defendants stood

2

by their request for clarification as to "whether the preliminary injuction [*sic*] bars private contractors from mutually agreeing to abide by the COVID-19 workplace safeguards and whether the injunction also bars enforcement of the masking and physical distancing protocols set forth in the Safer Federal Workforce Task Force Guidance." (Doc. 97, p. 2.) The parties agreed to a briefing schedule on that remaining request. As to Defendants' Unopposed Motion to Stay Proceedings Pending Appeal, (doc. 102), the parties agreed that all deadlines in this case, other than the deadlines to brief the aforementioned request for clarification, should be stayed while this case is on appeal.

In accordance with Defendants' representations at the hearing, the Court hereby **DENIES IN PART AND RESERVES RULING IN PART** as to Defendants' Emergency Motion for Stay Pending Appeal and For Immediate Administrative Stay, (doc. 97). The Court **DENIES AS WITHDRAWN** Defendants' requests to stay the Court's preliminary injunction pending appeal and to narrow the scope of the preliminary injunction, and the Court **RESERVES RULING** on Defendants' request for clarification. Pursuant to the parties' agreement, Plaintiffs shall respond to Defendants' request for clarification on or before **January 7, 2022**, and Defendants shall file any reply brief on or before **January 14, 2022**. The Court **GRANTS** Defendants' Unopposed Motion to Stay Proceedings Pending Appeal, (doc. 102). Except as to the aforementioned request for clarification, all deadlines and proceedings in this case are **STAYED** until further order of the Court.

**SO ORDERED**, this 23rd day of December, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA