UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA, et al.,  )<br>  )<br>  *Plaintiffs*,  )<br>  )<br>ASSOCIATED BUILDERS AND  )<br>CONTRACTORS, INC.,  )<br>  )  Case 1:21-cv-00163-RSB-BKE<br>  *Plaintiff-Intervenor*,  )<br>  )<br>v.  )<br>  )<br>JOSEPH R. BIDEN in his official  )<br>capacity as President of the United;  )<br>States, et al.,  )<br>  )<br>  *Defendants*.  )<br>  ) | |

**PLAINTIFF-INTERVENOR'S RESPONSE TO DEFENDANTS'
EMERGENCY MOTION FOR STAY PENDING APPEAL
AND FOR IMMEDIATE ADMINISTRATIVE STAY**

Plaintiff-Intervenor, Associated Builders and Contractors, Inc., (ABC), by and through undersigned counsel, submits this Response to Defendants' Motion for Stay Pending Appeal and for Immediate Administrative Stay.

Defendants seek "clarification" on two aspects of the preliminary injunction issued by this Court (Doc. 94): (1) whether the preliminary injunction prohibits private federal contractors from "mutually agreeing" with Defendants to include COVID-19 safety clauses in their federal contracts, and (2) whether the preliminary injunction is limited to the enforcement of the Safer Federal Workforce Task Force's vaccination requirements so that federal agencies can nevertheless enforce

00444864

requirements regarding masking, physical distancing, and the identification of a person to coordinate COVID-19 safety requirements at the workplace. As discussed below, ABC takes the position that such "clarification" is not within this Court's power, nor is it necessary.

1. **District Courts Have Limited Powers on Matters on Appeal.**

As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal. See *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982); *Doe v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001) ("As a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal."), *cert. denied Kearney v. Does*, 534 U.S. 1104, 122 S. Ct. 903, 151 L. Ed. 2d 872 (2002); *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981); *Rauback v. City of Savannah*, 2021 U.S. Dist. LEXIS 156115, 2021 WL 3674076 (S.D. Ga. 2021). However, it does not prevent the district court from taking action "in furtherance of the appeal." *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976) (citations omitted). Nor does it prevent the court from entertaining motions on matters collateral to those at issue on appeal. *Doe*, 261 F.3d at 1064 (citing *Weaver v. Fla. Power & Light Co.,* 172 F.3d 771, 773 (11th Cir.1999)); *Mahone v. Ray*, 326 F.3d 1176 (11th Cir. 2003)[1].

---

[1] For example, the district court retains jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). The court does not, however, retain jurisdiction to grant a Rule 60(b) motion following the filing of a notice of appeal. Nevertheless, in this case, Defendants have not filed a Rule 60(b) motion.

In this case, what the Defendants are seeking goes well beyond matters collateral to the those at issue on appeal. Rather, the "clarification" sought by Defendants goes to the heart of the preliminary injunction that they have appealed to the Eleventh Circuit Court of Appeals. Defendants' Notice of Appeal reads as follows:

> PLEASE TAKE NOTICE that all Defendants hereby appeal to the United States Court of Appeals for the Eleventh Circuit from this Court's Opinion & Order dated December 7, 2021, ECF No. 94, which (1) granted the amended motion for a preliminary injunction filed by Plaintiffs, ECF No. 55; (2) granted in part and denied in part the motion to intervene filed by Associated Builders and Contractors of Georgia and Associated Builders and Contractors, Inc. (ABC), ECF No. 48; and (3) granted ABC's motion for a preliminary injunction, ECF No. 50.

(Doc. 96). Defendants are appealing the Court's entire Order (Doc. 94) without reservation. Thus, any aspect of the preliminary injunction, which was a significant part of the Court's Order, is a matter for consideration by the Eleventh Circuit.

**2.    There is no need for "clarification" of the Court's Order.**

    **a.    Mutual agreements to include COVD-19 safety clauses in federal contracts do not really exist.**

Even if the Court had the power to make the "clarification" that the Defendants are seeking, there is no need for such "clarification" because the reality is there is no such thing as "mutual agreements" between the federal government and its contractors because the imbalance of power between the federal government and its contractors means it is difficult to characterize any agreement to contractual provision requested by the federal government as "mutual." Federal government contract solicitations are published on the official government website, www.beta.Sam.gov. It is the federal government that sets the terms of the contracts

awarded pursuant to this process. As the witnesses at the hearing before this Court explained, when the federal government tells a contractor to include a specific clause in a contract, whether it is the initial contract, an amendment, or a renewal, the contractor has little or no opportunity to reject the inclusion of that language. Simply put, if a contractor does not agree to the federal government's terms, then the federal government will find another contractor that will. See, e.g. Supplemental Declaration of Michael P. Shannon (Doc. 76-1, par. 6): "Georgia Tech was required to agree to FAR clause 52.223-99 to maintain its eligibility for the contract award pursuant to the NASA solicitation." Therefore, if the federal government were to now present the FAR clause to contractors and ask them to agree to the inclusion of that language in their contract, it is highly unlikely that the contractor would see that it has any choice in the matter.

Essentially, the federal government is seeking to do indirectly what the Court has stopped it from doing directly: requiring its contractors to adhere to the FAR Deviation contract clause. Indeed, the FAR Memo made it clear that the FAR Deviation contract language was required to be included in all federal government contracts:

> [A]gencies are **required** to include an implementing clause in solicitations and contracts for services, including construction, in accordance with the following dates specified in section 6 of the order:
>
> • new contracts awarded on or after November 14 from solicitations issued before October 15 (this includes new orders awarded on or after November 14 from solicitations issued before October 15 under existing indefinite-delivery contracts);
>
> • new solicitations issued on or after October 15 and contracts awarded pursuant to those solicitations (this includes new solicitations issued on

or after October 15 for orders awarded pursuant to those solicitations under existing indefinite-delivery contracts);

• extensions or renewals of existing contracts and orders awarded on or after October 15, 2021; and • options on existing contracts and orders exercised on or after October 15, 2021.

FAR Council Guidance,

https://www.whitehouse.gov/wpcontent/uploads/2021/09/FAR-Council- Guidance-on-Agency-Issuance-of-Deviations-to-Implement-EO-14042.pdf, p.2 (emphasis added). There was nothing negotiable about the inclusion of the FAR deviation then, and there would be nothing negotiable about it now.

In the meantime, contractors are free to implement whatever safety measures they wish in order to protect their workforces and customers. Indeed, the evidence submitted by ABC showed that ABC's members are making efforts to vaccinate their workforces and keep them safe.

### b. The Preliminary Injunction is not limited to the enforcement of only the vaccine requirement.

In view of the Court's careful consideration of EO 14042 and the FAR Memo, as well as the SAFER Guidance, the Court's Preliminary Injunction clearly encompasses the requirements in the FAR Memo and SAFER Guidance regarding not only vaccination but also masking, physical distancing, and the identification of a person to coordinate COVID-19 safety requirements at the workplace. Indeed, the Defendants acknowledge this fact themselves; in their Motion to Stay they state on the very first page: "Defendants understand this Court's order to prevent federal agencies from enforcing **COVID-19 safety clauses** included in certain categories of federal government contracts pursuant to Executive Order 14,042, so long as the

preliminary injunction remains in place." (emphasis added) (Doc. 97, p. 1). Therefore, it is unclear as to why they are now seeking "clarification" of the scope of the Court's preliminary injunction when they understand that it encompasses the entire COVID-19 safety clause.

Furthermore, it is not necessary to include the SAFER Guidance regarding masking, physical distancing, and coordination of COVID-19 safety requirements at the workplace in government contracts because employers already must comply with OSHA guidance on these issues. OSHA has adopted COVID-19 guidelines analogous to those issued by the CDC. See *Protecting Workers: Guidance on Mitigating and Preventing the Spread of COVID-19 in the Workplace*, https://www.osha.gov/coronavirus/safework. This guidance contains recommendations as well as descriptions of OSHA's safety and health standards that OSHA enforces related to COVID safety issues. And unlike the SAFER Guidance, OSHA has tailored its guidance to distinct types of workplaces. See, e.g., *Appendix: Measures Appropriate for Higher-Risk Workplaces with Mixed-Vaccination Status Workers*, https://www.osha.gov/coronavirus/safework#appendix. And OSHA has used its general duty clause (Section 5(a)(1) of the OSH Act) to enforce its COVID-19 guidance. Thus, it is not necessary for the federal government to introduce contract provisions that require measures that are already enforced by OSHA.

Respectfully Submitted this 7th day January 2022.

>/s/ *J. Larry Stine*
> J. Larry Stine (Ga. Bar No. 682555)
> jls@wimlaw.com
> Kathleen J. Jennings (Ga. Bar No. 394862)
> kjj@wimlaw.com
> WIMBERLY LAWSON STECKEL SCHNEIDER
>  & STINE, PC
> 3400 Peachtree Road, N.E.
> Suite 400 – Lenox Road
> Atlanta, GA 30326-1107
> 404-365-0900 – Phone
> 404-261-3707 – Fax
>
> *Attorneys for Plaintiff-Intervenor*

00444864                                   7