UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA, et al. | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:21-cv-163-RSB-BKE |
| JOSEPH R. BIDEN in his official capacity as President of the United States, et al. | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR CLARIFICATION**

Defendants seek clarification from this Court on whether the preliminary injunction (1) allows enforcement of the masking, physical distancing, and workplace safety coordination protocols set forth in that Guidance; and (2) allows private contractors to mutually agree with federal agencies to abide by the COVID-19 safety clause incorporating the safeguards set forth in the Safer Federal Workforce Task Force Guidance for federal contractors and subcontractors (COVID-19 safety clause). Contrary to Plaintiffs' and Intervenors' assertions, it is well-established that this Court has the authority to clarify the terms of its preliminary injunction order under the jurisdiction it maintains to supervise compliance with the order and to maintain the status quo.

Moreover, clarification is warranted. The preliminary injunction order can be read to allow Defendants (1) to enforce the COVID-19 safety clause's requirements that do not relate to vaccination; and (2) to reach agreements with federal contractors to abide by the COVID-19 safety clause, even if Defendants cannot enforce those agreements. Defendants wish to pursue both of these goals if permitted under the order, in accordance with the federal government's desire to

1

maximize the workplace safety and health of its federal contractors and, therefore, maximize economy and efficiency in the Federal procurement system. Plaintiffs' and Intervenors' arguments against Defendants' clarification request are unpersuasive. They baselessly characterize Defendants' request to enter into voluntary agreements to include a COVID-19 safety clause as coercive, even though the existence of the injunction would ensure that no contractor would feel coerced. They also claim that Defendants are somehow estopped from seeking clarification because Defendants issued guidance that interpreted the preliminary injunction order more broadly while they awaited clarification from this Court. But Defendants' decision to minimize their litigation risk while seeking clarity on the scope and effect of this Court's order should be lauded, not held against them. Defendants' request for clarification should accordingly be granted.

## ARGUMENT

### I.      This Court has jurisdiction over Defendants' clarification request.

As an initial matter, Plaintiffs and Intervenors both argue that, because Defendants have appealed this Court's preliminary injunction to the United States Court of Appeals for the Eleventh Circuit, this Court lacks jurisdiction to clarify the scope of its preliminary injunction order. *See* Pls.' Opp'n at 12–13, ECF No. 110; Intvnrs.' Opp'n at 2–3, ECF No. 109. That is incorrect.

Granted, as a general matter a district court may not materially alter or dissolve a preliminary injunction order that is on appeal. *E.g.*, *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 819 (5th Cir. 1989). It is, however, well-settled that, notwithstanding a pending appeal, district courts retain jurisdiction to "maintain the status quo of the parties pending the appeal." *Id.* Moreover, it is the consistent understanding of district courts across the country that maintaining the status quo includes retaining the authority to clarify the scope of the entered injunction, since clarification would preserve the status quo of the court's intended contours of its order. *See, e.g.*,

*Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 985 F. Supp. 2d 23, 29 (D.D.C. 2013) ("The district court's power to modify an injunction to preserve the status quo necessarily includes the lesser power to clarify the injunction to supervise compliance" while appeal of the preliminary injunction is pending.); *Flatiron Health, Inc. v. Carson*, No. 19 CIV. 8999 (VM), 2020 WL 416423, at *3 (S.D.N.Y. Jan. 27, 2020) ("[T]he Court's power to preserve the status quo includes the power to clarify the terms of an injunction."); *Miller v. Honkamp Krueger Fin. Servs., Inc.*, No. 5:20-CV-05056-KES, 2021 WL 1238423, at *1 (D.S.D. Apr. 2, 2021) ("The court has jurisdiction here to modify or clarify the injunction so long as such a clarification only preserves the status quo and does not alter the parties' rights."); *Abdi v. Nielsen*, 287 F. Supp. 3d 327, 332–33 (W.D.N.Y. 2018) ("[The Court has jurisdiction over Petitioners' motion to clarify notwithstanding Respondents' interlocutory appeal of the November 17, 2017, Decision, pursuant to its inherent authority to supervise compliance with the injunctive relief granted therein."); *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F. Supp. 35, 39 (D.D.C. 1994) ("The Court retains jurisdiction to decide Defendant's Motion for Clarification [of its preliminary injunction order] because to do so might aid in the appeal."); *see also Meinhold v. U.S. Dep't of Def.,* 34 F.3d 1469, 1480 n.14 (9th Cir. 1994) ("As the district court issued the amended order to clarify its original injunction and to supervise compliance in the wake of Meinhold's motion for contempt, it did not lack jurisdiction.").

Therefore, this Court has jurisdiction over Defendants' clarification request.

**II.       Clarification of this Court's preliminary injunction order is warranted.**

Defendants seek clarification of this Court's opinion and order in two respects. First, Defendants seek guidance on whether the preliminary injunction prevents federal agencies from enforcing the COVID-19 safety clause's requirements related to masking, physical distancing, and

3

workplace safety coordination at covered contractor workplaces. *See* Determination of the Acting OMB Director Regarding the Revised Safer Federal Workforce Task Force Guidance for Federal Contractors and the Revised Economy & Efficiency Analysis, 86 Fed. Reg. 63,418, 63,420–21 ("OMB Determination").  Those portions of the COVID-19 safety clause were not specifically prohibited in this Court's preliminary injunction order, which enjoined Defendants "from enforcing the vaccine mandate for federal contractors and subcontractors." Order at 27. While this Court apparently referred to the safety clause as a whole by stating that "the directives contained within EO 14042 were not authorized by the Procurement Act," Order at 27, it analyzed the rest of the preliminary injunction factors only in the context of the vaccine requirement. *See* Order at 24 (examining testimony from Plaintiffs' witnesses about the compliance efforts to "ensure that . . . employees have been fully vaccinated (or have requested and been granted an accommodation or exemption) by the deadline" to conclude that Plaintiffs had established irreparable harm); Order at 25–26 (analyzing the balance of the harms with sole reference to the COVID-19 safety clause's vaccination requirement). If this Court clarified its order to allow Defendants to continue to enforce the non-vaccination requirements in the COVID-19 safety clause, the federal government could protect the workplace safety and health of its federal contractors—and thereby maximize economy and efficiency in the Federal procurement system—by requiring its contractual partners to take sensible precautions (*i.e.*, masking, physical distancing, and workplace safety coordination) that help prevent the spread of this highly contagious disease that has now claimed more than 830,000 lives, CDC, COVID Data Tracker https://covid.cdc.gov/covid-data-tracker/#datatracker-home (last accessed Jan. 12, 2022), and has disrupted economic productivity on an unprecedented scale. This result would also accord with the principles of judicial minimalism and severability.

*Minnesota v. Mille Lacs Band of Chippewa Indians*, 526 U.S. 172, 190 (1999) (assuming without deciding that "the severability standard for statutes . . . applies to Executive Orders").

Plaintiffs argue that, because Defendants initially issued guidance to agencies that prohibited these agencies from enforcing any aspect of the COVID-19 safety clause while Defendants awaited clarification from this Court, it would be unfair and too difficult to clarify the preliminary injunction order to permit partial enforcement now. Pls.' Opp'n at 16–17. But Defendants should not be penalized for proceeding with an abundance of caution while they awaited word from this Court on the scope of the preliminary injunction. And Defendants can easily issue new guidance to assist agencies and federal contractors in understanding their obligations under EO 14042 in accordance with this Court's order. Intervenors, meanwhile, argue that it is "not necessary" to construe the preliminary injunction order to allow Defendants to enforce the masking, physical distancing, and coordination aspects of the COVID-19 safety clause because of the Department of Labor's Occupational Safety and Health Administration (OSHA) guidance. Intvnrs.' Opp'n at 6. OSHA's guidance, however, is irrelevant to the question of whether this Court's order applies to the masking and distancing requirements of the COVID-19 safety clause.

Second, Defendants seek guidance on whether the preliminary injunction order prohibits private federal contractors from mutually agreeing with Defendants to include the COVID-19 safety clause in their federal contracts, thus allowing those federal contractors to voluntarily comply with the Task Force Guidance, including requiring their employees to be vaccinated. To be clear, Defendants recognize that, due to the injunction, they could not enforce COVID-19 safety clauses. Any voluntary inclusion of the COVID-19 safety clause in this scenario would not occur under the terms of EO 14042, but rather would be a mutually agreed-upon clause that federal

contractors could include at will. The clarification that Defendants seek is utterly unremarkable given Plaintiffs' own acknowledgement that, under this Court's injunction, "entities will still be free to encourage their employees to get vaccinated, and the employees will still be free to choose to be vaccinated." Pls.' Opp'n at 17 (quoting Order at 11–12). And many federal contractors may, in fact, choose on their own to require their employees to be vaccinated, regardless of this Court's injunction or their status as federal contractors—for example to demonstrate a commitment to public health and safety to their employees.[1] All Defendants thus seek to clarify is that the injunction allows private parties to seek and agree to include the COVID-19 safety clause entirely on their own volition.

Plaintiffs incorrectly frame the clarification request as attempting to "pressure federal contractors to follow the Task Force Guidance while the preliminary injunction is pending." Pls.' Opp'n at 17. But as explained above, there could be no coercive effect because the contractors would know that Defendants would not be able to enforce the agreement against them; it would be necessarily voluntary compliance on the part of the contractors. And Intevenors' assertion that Defendants' request should be denied because "there is no such thing as 'mutual agreements' between the federal government and contractors," Intvnrs.' Opp'n at 3, ignores that the federal government competes for the procurement of critical goods and services from contractors against myriad private companies and other governmental bodies.

---

[1] Other additional reasons may lead the parties to include provisions notwithstanding their current unenforceability. For instance, the inclusion of COVID-19 safety measures into contracts may facilitate cost reimbursement to contractors related to such measures. And the contractual inclusion of COVID-19 safety measures would benefit Defendants in the event that EO 14042 is reinstated during this litigation in that Defendants would not have to wait to include/renegotiate COVID-19 safety provisions.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request clarification of this Court's preliminary injunction.

Dated: January 14, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

DAVID ESTES
United States Attorney

BRAD P. ROSENBERG
Assistant Branch Director
Civil Division

/s/ *Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
LEE REEVES
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0845
Fax: (202) 616-8470
E-mail: vinita.b.andrapalliyal@usdoj.gov

/s/ *Bradford C. Patrick*
Bradford C. Patrick
Assistant United States Attorney
South Carolina Bar No. 102092
Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422
Email: bradford.patrick@usdoj.gov

*Attorneys for Defendants*