IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA, et al.,  Plaintiffs,  v.  JOSEPH R. BIDEN, in his official capacity as President of the United States, et al.,  Defendants. | CIVIL ACTION NO.: 1:21-cv-163 |

**O R D E R**

On December 7, 2021, the Court entered a preliminary injunction in this case relating to Executive Order 14042, which requires that contractors and subcontractors performing work on certain federal contracts ensure that their employees and others working in connection with the federal contracts are fully vaccinated against COVID-19. (Doc. 94.) As the Court stated in that Order and reiterated in a subsequent Order, (doc. 105, pp. 1–2), this case is not a dispute about the tragic toll COVID-19 continues to inflict on this nation or about the efficacy of vaccines in protecting the health of individuals and the public. Rather, this case involves the narrow legal question of the scope of the President's authority under the Federal Property and Administrative Services Act, 40 U.S.C. § 101 et seq. (also known as "the Procurement Act"). Defendants filed a Notice of Appeal of the Order granting the preliminary injunction, (doc. 96), and contemporaneously filed a request for clarification from the Court on two specific aspects of the preliminary injunction, (see doc. 97, pp. 11–12), which request is presently pending before the

Court.[1]  Plaintiffs have filed a Response as to the request for clarification, (doc. 109), and Defendants have filed a Reply, (doc. 111).

In its Order granting the preliminary injunction, the Court included a thorough factual background on Executive Order 14042 and the various actions that were undertaken to effectuate its directives.  (Doc. 94, pp. 3–7).  In sum, the Executive Order directed the Safer Federal Workforce Task Force to establish COVID-19 safeguards, which federal contractors entering into certain contracts (hereinafter, "covered contracts") with executive agencies would be contractually required to follow.  (Id.)  The focus of the Court's Order was the requirement that all covered contractor employees working on or in connection with a covered contract or at a covered contractor workplace be fully vaccinated against COVID-19.  (Id.)  In the Order, the Court enjoined Defendants from "enforcing the vaccine mandate for federal contractors and subcontractors in all covered contracts in any state or territory of the United States of America." (Id. at p. 27.)

Defendants have requested clarification on two topics.  First, they want to know whether the preliminary injunction "prohibit[s] private federal contractors from mutually agreeing with Defendants to include COVID-19 safety clauses in their federal contracts, thus allowing those federal contractors to voluntarily comply with the Task Force guidelines, including requiring their employees to be vaccinated." (Doc. 97, pp. 11–12.)  Second, they ask "whether the preliminary injunction is limited to enforcement of the Safer Federal Workforce Task Force's vaccination requirements, o[r] whether it also prevents federal agencies from enforcing requirements related

---

[1] The request for clarification was included at the end of "Defendants' Emergency Motion for Stay Pending Appeal and for Immediate Administrative Stay." (Doc. 97.)  The Court already denied (as withdrawn) Defendants' requests, in that document, to stay the preliminary injunction pending appeal and to narrow the scope of the injunction, but the Court reserved ruling, pending further briefing, on the request for clarification. (Doc. 105.)

2

to masking and physical distancing and the identification of [person(s)] to coordinate COVID-19 workplace safety efforts at covered contractor workplaces." (Id. at p. 12.)

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). But while an appeal is pending from an interlocutory order that grants an injunction, the district court "may suspend, modify, restore, or grant an injunction on terms . . . that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Thus, a "[c]ourt has jurisdiction, notwithstanding the Notice of Appeal, to supervise the enforcement of its injunction and to preserve the status quo pending appeal" as stated in Federal Rule of Civil Procedure 62(c). Abdi v. Nielsen, 287 F. Supp. 3d 327, 332 (W.D.N.Y. 2018) (quoting Cullman Ventures, Inc. v. Columbian Art Works, Inc., No. 89 CIV. 312(KC), 1989 WL 94902, at *3 (S.D.N.Y. July 28, 1989)); see also Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC, 985 F. Supp. 2d 23, 30 (D.D.C. 2013) ("[A] court's authority to modify or clarify an injunction while on appeal is limited to preserving the status quo or otherwise supervising compliance . . . ."). Accordingly, the Court has jurisdiction to clarify, as necessary, the injunction so long as such clarification only preserves the status quo and does not alter the parties' rights.

The Court declines to wade into the murky waters presented by Defendants' first inquiry, which is more akin to a request for an advisory opinion on the propriety of a vaguely-described hypothetical situation than a request for clarification. See United States v. Espresso Italia Marketing, Inc., No. 02-80545-CIV-MARRA/SELTZER, 2005 WL 8156276, at *2 (S.D. Fla. Dec. 16, 2005) ("Universal asks for a prototypical advisory opinion; it asks the Court to opine on the applicability of the Stipulated Judgment to hypothetical future facts, namely, its 'intended'

3

business activities. It would be improper for the Court to comment (in advance) on whether those prospective activities would violate the Stipulated Judgment."); see also Hauck Mfg. Co. v. Astec Indus., Inc., No. 1:03-CV-166, 2004 WL 3396122, at *3 (E.D. Tenn. Oct. 14, 2004) (noting that court had denied motion to modify injunction to clarify that certain hypothetical activities would not be prohibited thereby). Simply put, this first query does not provide grounds for the Court to find that it needs to clarify its Order, particularly given the fact that it is currently pending appeal.

While the second inquiry is more straightforward, the answer to the inquiry is evident from the language the Court used—as well as the language the Court noticeably did *not* use—in issuing the injunction. The Court stated, "Defendants are **ENJOINED** . . . from enforcing the *vaccine* mandate . . . ." (Doc. 94, p. 27 (bold in original; italics added).) Accordingly, no clarification is necessary. Indeed, Plaintiffs' Amended Complaint asks, in its Prayer for Relief, for the Court to "[e]nter a declaratory judgment that Defendants . . . have acted to impose a broad-sweeping, unlawful, and unconstitutional COVID-19 *vaccine* mandate, and that such COVID-19 *vaccine* mandate is unlawful and unenforceable," and for the Court to "[g]rant a preliminary and permanent injunction prohibiting Defendants and those acting in concert with them from enforcing *this* broad-sweeping, unlawful, and unconstitutional mandate." (Doc. 54, p. 55 (emphasis added).) While there was evidence before the Court indicating that other COVID-19 safety-related requirements were also established as a result of the Executive Order (i.e., masking and physical distancing requirements), the evidence and arguments presented to the Court in the parties' briefs and at the hearing on the Motion for Preliminary Injunction focused almost exclusively on the vaccination requirement, and the Court's Order on the Motion for Preliminary Injunction did not reference, discuss, or analyze any of the other COVID-19 safety-related requirements.

In light of the foregoing, the Court declines Defendants' requests for clarification and therefore **DENIES** the portion of the filing entitled "Defendants' Emergency Motion for Stay Pending Appeal and For Immediate Administrative Stay" that remains pending.  (Doc. 97.)

**SO ORDERED**, this 21st day of January, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA